IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY PHILLIP DuPUIS,

                Petitioner,            OPINION AND ORDER

     v.                                          09-cv-0156-slc

BRAD HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

---

     Randy Phillip DuPuis, an inmate at the Stanley Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

BACKGROUND

     Petitioner challenges his August 31, 2005 conviction in the Circuit Court for Douglas County for first degree reckless homicide, as party to the crime. He contends that his lawyer was ineffective for failing to review with him the presentence investigation report prepared by the Department of Corrections, which led the court to impose a sentence based on inaccurate information. Petitioner has not identified any specific errors in the presentence report, asserting that he is unable to do so because he has not seen a copy of the report.

Petitioner exhausted his state court remedies by presenting this claim to the state trial and appellate courts. State v. DuPuis, 2008 WI App 36, 309 Wis. 2d 395 (unpublished opinion).

Analyzing petitioner's claim under the two-part inquiry articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), the Wisconsin Court of Appeals found that petitioner's claim faltered on the prejudice prong because he had not identified any errors in the presentence investigation report that could have been corrected before sentencing. DuPuis, 2008 WI App at ¶9. The court rejected petitioner's claim that he was unable to identify such errors because he had never been shown the presentence investigation report and did not know its contents. It explained that for such an excuse to be valid, petitioner would have to demonstrate that he had attempted to obtain access to his presentence report, as allowed by state law, and that he had been denied such access. Id. The court referred to State v. Parent, 2006 WI 132, ¶43, 298 Wis. 2d 63, a case in which the Wisconsin Supreme Court found that under amendments to the statute governing presentence investigation reports, Wis. Stat. § 972.15 (2005-06), the circuit court must allow a defendant who is not represented after sentencing to view a copy of the report. Because petitioner had not alleged facts to establish either that the circuit court had a blanket policy of denying access to the report or that petitioner had sought such access but was denied by the court or its staff, he had no basis to claim that he had no means of knowing what was in the presentence report. Id. The Wisconsin Supreme Court subsequently declined to hear petitioner's case.

OPINION

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without requiring respondent to produce the relevant state court records, if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993). Even if the petitioner clears these hurdles, the court still need not examine the trial records "so long as the petitioner does not dispute that the facts reported in the state court opinions faithfully and accurately reflect the record." Id. When the state courts have adjudicated the merits of a petitioner's federal claim, a federal court must defer to that ruling unless the state courts applied the wrong federal standard, applied the correct federal standard in an unreasonable manner or reached a determination that based upon an unreasonable determination of fact. 28 U.S.C. § 2254(d).

Although in this case petitioner has not addressed the reasonableness of the Wisconsin Court of Appeals' decision, I am satisfied that he cannot meet his burden under § 2254(d). First, the state appellate court correctly identified Strickland as the governing standard. Although in United States v. Cronic, 466 U.S. 648, 659-61 (1984), the Supreme Court identified certain situations in which counsel's performance is deemed so defective

that prejudice is presumed, this is not such a case. As the Court made clear in <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002), the <u>Cronic</u> exception is reserved for cases of virtual non-representation, not poor representation. <u>See</u> <u>also</u> <u>Miller v. Martin</u>, 481 F.3d 468, 472 (7th Cir. 2007) (citing cases). Thus, in <u>Bell</u>, the Court held that <u>Strickland</u>, not <u>Cronic</u>, applied where the defendant was arguing "not that his counsel failed to oppose the prosecution throughout the sentencing proceedings as a whole, but that his counsel failed to do so at specific points." <u>Id</u>. Like the defendant in <u>Bell</u>, petitioner does not argue that his lawyer failed completely to represent him at sentencing, but he challenges only his lawyer's failure to review the presentence investigation with him. This type of allegation clearly is governed by <u>Strickland</u>, which requires a showing of prejudice.

Thus, petitioner is not entitled to habeas relief unless the state appellate court applied <u>Strickland</u> unreasonably or reached its determination on the basis of unreasonable factual findings. There is no conceivable way petitioner can make either showing. The court's determination turned on the fact that unless he sought and was denied access to his presentence investigation report *after* sentencing, petitioner was required to support his ineffective assistance of counsel claim by pointing to specific errors in the presentence report that could have been corrected before sentencing. In his habeas petition, petitioner does not dispute the state appellate court's finding that he was entitled under state law to ask the circuit court for access to his presentence investigation report. Nor does he dispute the court's finding that he had not sought such access. (Indeed, it appears that petitioner still has not attempted to gain access to his presentence report.) Where a petitioner has the

means available to develop facts supporting his claim of prejudice but fails to utilize those means, a state court does not act unreasonably in denying the petitioner's claim.

Accordingly, because petitioner cannot show that the Wisconsin Court of Appeals erred in analyzing his ineffective assistance of counsel claim under <u>Strickland</u> or applied <u>Strickland</u> unreasonably in determining that he had failed to show that he was prejudiced by his lawyer's failure to disclose to him the contents of the presentence investigation report, his claim for habeas relief must fail.

ORDER

IT IS ORDERED that the petition of Randy Phillip DuPuis for a writ of habeas corpus is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 23rd day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge